```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
UNITED STATES OF AMERICA,
                                *
     Plaintiff,
                                *
          v.                         CIVIL NO.: WDQ-09-0065
                                *
ONE 2006 BLUE MAZDA 4S
VIN JM1BK12G561471972,          *

                                *
     Defendant.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

The Government seeks forfeiture of One Blue Mazda 4S ("the Property") as property used or intended to be used in violation of 18 U.S.C. §§ 2251(a)(sexual exploitation of children) and 2252A (certain activities related to child pornography). Thomas A. Coyne II has submitted a claim to the Property on behalf of a minor child, M. A. C. Pending is the Government's motion to strike Coyne's claim. For the following reasons, the motion will be granted.

I. Background

On December 15, 2008, the Government filed a complaint for forfeiture of the Property under 18 U.S.C. §§ 2254 and 981(a)(1)(C). Paper No.1. The owner of the Property, George K. Hayward, was served with the complaint by mail at his home on

1

January 2, 2009, and at the Harford County Detention Center on May 13, 2009. Gov.'s Mot. for Default J. at 1-2. On March 27, 2009, the Government published notice of the pendency of the forfeiture on an official government internet site (forfeiture.gov) in accordance with Rule G(4)(a)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *Id*. at 2. As required by Rule G, the notice ran for 30 consecutive days. *Id*.

On April 27, 2009, Thomas Coyne II filed a timely claim against the Property on behalf of a minor child, M.A.C. Paper No. 3. Coyne identified the child as the victim of the offenses underlying the forfeiture action. Cl. & Answer ¶ 2. Coyne's claim was the only claim submitted.

On April 30, 2009, the Government moved to strike Coyne's claim for lack of standing. Paper No. 4.

II. Analysis

The Government contends that Coyne lacks standing to contest the forfeiture because he has not alleged a sufficient interest in the Property. Gov.'s Mot. to Strike at 1. Its motion is under Rule G(8)(c)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Rule 12(c) of the Federal Rules of Civil Procedure.[1]

---

[1] Under Rule G(8)(c), in a judicial forfeiture action, "the Government may move to strike a claim or answer . . . because a

Civil forfeiture claimants have the burden of establishing standing by showing "a legally cognizable interest in the property that will be injured if the property is forfeited to the government."  *United States v. 7,000.00 in U.S. Currency*, 583 F. Supp. 2d 725, 729 (M.D.N.C. 2008) (quoting *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987)).  The interest asserted must be an ownership or possessory interest. *United States v. One-Sixth Share of James J. Bulger in All Present and Future Proceeds of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 36, 41 (1st Cir. 2003); *United States v. Premises Known as 7725 Unity Ave. N.*, 294 F.3d 954, 956 (8th Cir. 2002); *United States v. One 18th Cent. Colombian Monstrance*, 797 F.2d 1370, 1375 (5th Cir. 1986).

Coyne, on M.A.C.'s behalf, does not allege an ownership or possessory interest in the Property.  Rather, Coyne's asserted interest is based on M.A.C.'s status as a victim of crimes underlying the forfeiture action.  Resp. to Gov.'s Mot. to Strike at 1.  In support of this assertion, Coyne cites regulations governing the remission or mitigation of civil and criminal forfeitures.  *See* 28 C.F.R. §§ 9.1 - 9.9 (2009).  Although Coyne is correct that victims of offenses underlying forfeitures may file petitions for remission or mitigation of the property, *see*

---

claimant lacks standing."  This may be done in a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

3

28 C.F.R. § 9.8 (2009), these petitions must be filed with the Department of Justice after judicial forfeiture.  28 C.F.R. § 9.4 (2009).  The regulations do not grant judicial standing to victims.

As Coyne has alleged no other basis for his claim, he lacks standing.

III. Conclusion

For the reasons discussed above, the Government's motion to strike will be granted.

<u>September 25, 2009</u>                            <u>        /s/                </u>
Date                                      William D. Quarles, Jr.
                                          United States District Judge